# PHILLIPS DAYES

NATIONAL EMPLOYMENT LAW FIRM

*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Messenger; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| AX Xpress, Inc., an Arizona corporation; Gregory Irwin and Ruth Irwin | **JURY DEMAND** |

Plaintiff Michael Messenger, for his Complaint against Defendants, alleges as follows:

### NATURE OF THE CASE

1.    The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.    Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.     Plaintiff brings this action against Defendants for unlawful failure to pay failure to pay minimum wage in direct violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and the Arizona Minimum Wage Act, A.R.S. § 23-362, *et seq.* and for Defendants unlawful failure to pay overtime in direct violation of the FLSA.

4.     Arizona law protects employees from employers seeking to pay less than minimum wage.

5.     Under Arizona law, employers are required to pay minimum wages, currently set by the State at a rate of $7.90 per hour.

6.     An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

7.     Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

8.      Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b) and pursuant to A.R.S. §§ 23-355 and 12-341.01.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

10.     Further, this Court has supplemental jurisdiction over the state law claims.

11.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

12.     The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

13.     At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

14.     At all times material hereto, AX Xpress, Inc. was incorporated in the State of Arizona, and has its principal place of business in Arizona at 18402 North 19th Avenue, PMB-112, Phoenix, Arizona 85023.

15.     AX Xpress, Inc. is not a motor carrier.

16.     AX Xpress, Inc. is not governed by the Secretary of Transportation or the U.S. Department of transportation.

17.     The Secretary of Transportation cannot exercise power over AX Xpress, Inc.

18.     Upon information and belief, at all times material hereto, Defendant Gregory Irwin, was and continues to be a resident of Arizona.

19.     Upon information and belief, at all times material hereto, Defendant Ruth Irwin, was and continues to be a resident of Arizona.

20.     Upon information and belief, and consistent with the information available from the Arizona Secretary of State, Defendants Gregory and Ruth Irwin were and are the owners of AX Xpress, Inc..

21.   At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1) and by A.R.S. § 23-362(A) (Version 2)..

22.   The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

23.   At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d) and in A.R.S. § 23-362(B) (Version 2).

24.   Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

25.   Defendants Gregory and Ruth Irwin are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with AX Xpress, Inc.

26.   All Defendants are co-equally liable for all matters.

27.   On information and belief, Defendants Gregory and Ruth Irwin made all decisions on the daily activities of their employees and make all decisions regarding pay policies and exerted financial and operative control over AX Xpress, Inc. and is therefore individually liable under the FLSA.

28.   Defendants Gregory and Ruth Irwin had the power to close AX Xpress, Inc.

29.   Defendants Gregory and Ruth Irwin had the power to hire and fire employees.

30.   On information and belief, Defendants Gregory and Ruth Irwin hired managerial employees.

31.   On information and belief, Defendants Gregory and Ruth Irwin maintained employment records.

32.  On information and belief, Defendants Gregory and Ruth Irwin dictated the corporate message in pending labor investigations.

33.   Defendants Gregory and Ruth Irwin profited from the FLSA violations detailed in this complaint.

34.   At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

35.  Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

36.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

37.   AX Xpress, Inc. ("AX Xpress, Inc.") hired Plaintiff in approximately April of 2014.

38.   AX Xpress, Inc. operated an asset recovery business in which clientele could retain AX Xpress to repossess assets that individuals had defaulted on the payment obligations. Such assets included vehicles, boats, and RV's.

39.   Plaintiff was hired as an asset recovery specialist.

40.   Plaintiff's duties were to perform research on assets that clientele wished to be recovered. Plaintiff would research for addresses and other info as to the whereabouts of the asset in question.

41.   Plaintiff would also travel to the possible location of assets. He would attempt to speak to the individual in possession of the asset if possible. If not, he would at least attempt to locate the asset.

42.   Once Plaintiff was able to locate the potential whereabouts of an asset, he would inform AX Xpress of the possible location of the asset and would then get approval AX Xpress to go reposes the asset.

43.   Plaintiff's responsibilities and job functions did not directly affect the safety of operation of motor vehicles in the transportation on the public highways of passengers in interstate commerce.

44.   AX Xpress, Inc. compensated Plaintiff $40 for each asset that was recovered based on his research. Later on in Plaintiff's tenure with Defendants, he was compensated at $50 for each asset recovered.

45.   Plaintiff worked from his home office when he was not traveling to possible asset locations. Defendants agreed to also pay one half of Plaintiff's monthly home rent if Defendants were allowed to use the back yard as storage. Defendants paid $400 a month for Plaintiff's rent from April 2014 through May 2015.

46.   Defendants treated Plaintiff as a 1099 contract employee.

47.   Defendants attempted to create an independent contractor relationship with Plaintiff even though he was an employee of AX Xpress Inc.

48.   Defendants suffered and permitted Plaintiff to work for Defendants without properly compensating Plaintiff for all his time spent working.

49.   Defendants had complete control over the manner in which Plaintiff would complete his work. Plaintiff followed Defendants' strict and rigid requirements for the performance of his work.

50.   Defendants had the complete authority to exercise complete control with respect to all details of the employment relationship between the parties.

51.   The work Plaintiff performed was not for a finite period of time, Plaintiff was directed to report to job sites continually.

52.   Plaintiff was not allowed to take on any other work while in the employ of Defendants.

53.   Plaintiff had no opportunity for profit or loss depending upon his skill as he

1    was paid a consistent, daily wage for the work he did for Defendants. Plaintiff was not

2    given the opportunity to earn more based on his skill.

3        54.    Plaintiff made no investment in equipment to perform his work with

4    Defendants.

5        55.    Plaintiff's work was integral to Defendants' operation.

6        56.    Defendants' operated an asset recovery business.

7        57.    Plaintiff's tasks were directly related to the actual recovery of those assets.

8        58.    If Defendants did not employ asset recovery specialists, Defendants'

9    business would cease to operate.

10

11       59.    Plaintiff was a non-exempt employee.

12       60.    Plaintiff had no supervision or management responsibilities.

13       61.    Plaintiff could neither hire nor fire employees.

14       62.    Plaintiff had no authority to exercise significant independent judgment on

15   issues that affect the whole company when carrying out his job responsibilities.

16       63.    Defendants managed, supervised, and directed all aspects of Plaintiff's job

17   duties and responsibilities.

18       64.    Plaintiff's primary duty was not the performance of work directly related to

19   the management or general business operations of AX Xpress, Inc. or its' customers.

20

21       65.    Plaintiff's primary duty was not the performance of work requiring advanced

22   knowledge in a field of science or learning that was acquired by a prolonged course of

23   specialized intellectual instruction.

24

25

66.   Plaintiff would work seven days per week and average eighty hours of work per week.

67.   Plaintiff consistently worked the schedule in the preceding paragraph and quite often he was required to work more hours than his regular schedule.

68.   Defendants flooded Plaintiff with asset requests, there were many days in which Plaintiff would begin work at 7:30 a.m. and not finish for the day until 2 a.m.

69.   Plaintiff's employment ended with in June of 2015.

70.   Plaintiff's regular weekly earnings, including the rent paid on his behalf, were on average $200 to $550 per week.

71.   Since Plaintiff was working at least 80 hours per week and was only earning $200 to $550 per week, Defendant AX Xpress, Inc. did not compensate Plaintiff at minimum wage and has violated 29 U.S.C. § 206 and the Arizona Wage Statutes, A.R.S. § 23-350 et seq.

72.   Defendants cannot claim the commission exemption to the FLSA found in 29 U.S.C. § 207(i).

73.   Defendants cannot claim the commission exemption as Plaintiff was paid less than minimum wage each week.

74.   Defendants are not a retail or service establishment.

75.   Plaintiff was only paid a piece rate for each asset that was able to be recovered.

76.   The payments made under this compensation plan were piece rates, and not commissions.

77.   The payments made to Plaintiff were not based on sales, but rather completing a specific task decoupled from sales.

78.   Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful and knowing.

79.   Defendants are aware of the requirements under the FLSA to properly compensate employees.

80.   Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

81.   Defendants are aware of, and are able to comply with, all aspects of the FLSA.

82.   Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute his claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**MINIMUM WAGE VIOLATION—29 U.S.C. § 206**

83.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

84.   Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff worked.

85.   Defendants willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage when those wages were due.

86.   Plaintiff is entitled to collect the difference between the wages he received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

87.   Plaintiff has been required to bring this action to recover his federal minimum wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

a.   Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount proved at trial;

b.   Awarding Plaintiff liquidated damages in an amount equal to the award;

c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.   For such other and further relief as the Court deems just and proper.

## COUNT TWO
## <u>MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364</u>

88.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

89.   Pursuant to A.R.S. § 23-363, Defendants were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiff worked.

90.   Defendants willfully failed and refused to pay Plaintiff at least the amount of the Arizona minimum wage when those wages were due.

91.   Plaintiff is entitled to collect the difference between the wages they received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

92.   Plaintiff has been required to bring this action to recover his Arizona minimum wages remaining due and unpaid, and his statutory damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor, and against Defendants:

      a.   Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;

      b.   Awarding Plaintiff an additional amount equal to twice the underpaid wages;

c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of litigation

pursuant to A.R.S. § 23-364(G);

d.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all

amounts awarded under subsections (A) and (B) above from the date of the

payment due for that pay period until paid in full;

e.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all

awards from the date of such award until paid in full; and

f.   For such other and further relief as the Court deems just and proper.

## COUNT THREE
## OVERTIME VIOLATION—29 U.S.C. § 207

93.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth

herein.

94.   While employed by Defendants, Plaintiff regularly worked multiple hours of

overtime per week.

95.   Plaintiff was a non-exempt employee.

96.   Defendants have intentionally and willfully failed and refused to pay Plaintiff

overtime according to the provisions of the FLSA.

97.   On information and belief, Defendants further engaged in a widespread

pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in

accordance with 29 U.S.C. § 207.

98.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

99.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

100.  In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

101.  On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

102.  Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

  a.  Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

## COUNT FOUR
## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

103. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

104.  Plaintiff's employees' working relationships with Defendants as described above were as employees.

105.  Defendants misclassified Plaintiff as an independent contractor.

106.  In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiff in the form of self-employment taxes.

107.  As a direct and proximate result of the misclassification, Plaintiff is entitled to compensation for payment of excess taxes and other lost benefits of the

employer/employee relationship.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.  Awarding Plaintiff the difference between the amount that should have been taxed if Plaintiff was classified and the amount that Plaintiff actually paid in self-employment tax.

b.  Awarding Plaintiff liquidated damages in an amount equal to the self-employment tax award;

c.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiff's costs incurred in this action;

e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  Granting Plaintiffs an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiff; and

h.  For such other and further relief as the Court deems just and proper.

1

2

**COUNT FIVE**
**DECLARATORY JUDGMENT**

3

4

108.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

5

109.  Plaintiff and Defendants have an overtime compensation dispute pending.

6

7

110.  The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

8

9

10

111.  Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

11

12

    a.   Defendants employed Plaintiff.

13

14

    b.   Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

15

    c.   Plaintiff individually is covered by the overtime provisions of the FLSA.

16

    d.   Plaintiff was not an exempt employee pursuant to the FLSA.

17

18

    e.   Defendants failed to maintain accurate time records in violation of the FLSA.

19

20

    f.   Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

21

22

    g.   Defendants' failures to pay overtime compensation to Plaintiff were willful.

23

24

25

h.  Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

i.  Plaintiff is entitled to an equal amount as liquidated damages.

j.  Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

112. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

113. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.  Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b.  Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c.  For such other and further relief as the Court deems just and proper

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff and all similarly situated employees hereby request that, upon trial of this

3

action, all issues be submitted to and determined by a jury except those issues expressly

4

reserved by law for determination by the Court.

5

Dated: July 7, 2015

6

Respectfully submitted,

7

8

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**
By: /s/ Trey Dayes

9

Trey Dayes
Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25